Frances A. Hartman, Esq. #026511984
HARTMAN GROUP, LLC
513 S. Lenola Road, Suite 212
Moorestown, NJ 08057
Ph. 856. 235.4511
Fax 856.235.4711
Attorneys for plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF
NEW JERSEY
(Camden Vicinage)

| | |
|---|---|
| DEBORAH DANIELS, | : |
| | : Civil Action No. |
| Plaintiff | : |
| | : |
| v. | : COMPLAINT AND JURY DEMAND |
| | : |
| JOHN A. KLAMO, ESQUIRE; | : |
| JOHN A. KLAMO, ESQ., PC, | : |
| | : |
| Defendants | : |

## JURISDICTION

1.  This Court has jurisdiction over this matter pursuant to diversity jurisdiction, set forth in 28 U.S.C. Section 1332, and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost.

2.  In this matter the amount in controversy exceeds $75,000.

3.  At all times relevant hereto the plaintiff, Deborah Daniels, resides at 35222 Seaside Road, Painter, Virginia, and is a resident of the State of Virginia.

4.     At all times relevant hereto the defendants, John A. Klamo, Esquire and The Law Office of John Klamo, P.C. had their principal place of business at 811 Church Road, Cherry Hill, New Jersey, and are not residents of the State of Virginia.

## COUNT ONE
### Legal Malpractice

1.     On or about September 2009, plaintiff, Deborah Daniels resided at 35222 Seaside Road, Painter, Virginia 23420.

2.     On or about that time, plaintiff reported for her first day of employment at Accomack County Public Schools as a full time project manager.

3.     At or about that time, a representative from Human Resources at the college, advised plaintiff that her background check revealed that she had an "open warrant" for her arrest, from the State of New Jersey, alleging a Violation of Probation from 1986.

4.     At or about that time, plaintiff went on the internet and discovered an advertisement for criminal defense services offered by defendant John A. Klamo, Esquire, PC (hereinafter "defendant Law Firm"), and John A. Klamo, Esquire (hereinafter "defendant Klamo") .

5.     At that time, or shortly thereafter, plaintiff contacted defendants' Law Firm and Klamo, and advised them of her need for representation in this matter.

6.     Defendant Klamo advised that the outstanding warrant and violation of probation were very serious matters and needed to be attended to immediately. Moreover, defendant Klamo said he would undertake to provide legal services, by and

2

through defendant Law Firm, to resolve that matter, as well as to expunge plaintiff's records relating to this matter.

7. On or about September 26, 2009, plaintiff and defendants Law Firm and Klamo, signed a fee agreement wherein the defendants agreed to provide Plaintiff with the aforementioned legal services.

8. On or about September 26, 2009, plaintiff made payment to defendants Law Firm and Klamo of $1,000.00 on a $3,500.00 flat fee, for the cost of defendants representation in the matter of State v. D.J. Daniels, in Camden County under complaint/indictment number 1674-80.

9. Thereafter, plaintiff was to make payment of $500.00 a month until she paid the complete fee of $3,500.00.

10. Plaintiff paid all, or substantially all of the fee, agreed to, pursuant to the terms of the fee agreement.

11. At all times relevant hereto, defendant John A. Klamo, Esquire was an attorney at law duly licensed under the laws of the State of New Jersey.

12. At all times relevant hereto, defendant Klamo was engaged in the practice of his profession, individually, and as a director, shareholder and/or employee of the law firm of John A. Klamo, Esq., PC., with its present offices at 811 Church Road Suite 115, Cherry Hill, NJ 08002.

13. At all times relevant hereto, defendant Klamo and law firm, and each of them, employed individuals at the law firm, who were paraprofessionals,

administrative assistants, and others who provided services to plaintiff and others under the supervision of those defendants.

14. At all times relevant hereto, the aforementioned individuals were working as employees, agents and/or servants of defendant Klamo and law firm, who were responsible for their acts and omissions, pursuant to the doctrine of *respondeant superior*.

15. At all times relevant hereto, defendants Klamo and law firm, professed and held themselves out to the public and to the plaintiff as being skilled, careful and diligent in the practice of their profession as lawyers.

16. At all times relevant hereto, defendants Klamo and law firm represented to plaintiff that they had resolved her violation of probation charge successfully, and that they were working on an expungement of the charges against plaintiff.

17. At all times relevant hereto, plaintiff believed that the violation of probation charge had been successfully resolved based on the representations of defendants, until February 4, 2014, when plaintiff was in Pokomo City, Maryland, driving a car with a damaged taillight.

18. At or about that time and place, plaintiff was pulled over by a law enforcement official, who, after running her license, advised her that there was an open warrant for her arrest, issued by the State of New Jersey in connection with the Violation of Probation on complaint/Indictment 1674-80, the same charge that Defendants' advised plaintiff had been resolved favorably to her.

19.  Plaintiff was then arrested, hand-cuffed and taken into custody; strip searched and held in the Worcester County Jail in Maryland for seven days; transported in shackles, by police van, to the Camden County Jail, New Jersey; subjected to a cavity strip search and delousing, and detained from February 11, 2014 until February 14, 2014 when she was released.

20.  On or about 5:00 p.m. on February 14, 2014, plaintiff was released, without a coat or vehicle, onto the cold, dark, ice laden, streets of Camden, to wait for two and one half hours for her daughter to drive from Maryland to pick up plaintiff and bring her home.

21.  On or about February 14, 2014, plaintiff retained the services of the Law Offices of Michele Finizio, P.C., to represent her on the violation of probation charge in consideration of payment of $3,500.00.

22.  On or about February 21, 2014, plaintiff and Michele Finizio, Esquire, of the Law Offices of Michele Finizio, P.C., appeared in Camden County Superior Court on the charge against plaintiff for a violation of probation, and all charges were dropped against plaintiff.

23.  At all times relevant hereto, defendants Klamo and law firm, and each of them, jointly and severally, and in the alternative, breached their duty of care to the plaintiff and were negligent in their representation of plaintiff Daniels with regard to the advice and legal services provided in connection with the violation of probation charges and expungement for those charges.

24. At all times relevant hereto, defendants Klamo and law firm, and each of them, jointly, severally and in the alternative, personally, and by and through their agents, servants and employees, breached the duty of care owed to the plaintiff by, *inter alia*, 1) failing to complete the work contracted for; 2) by breaching the duty to give accurate information and advice to plaintiff; 3) by failing to properly advise plaintiff as to her status.

25. As a direct and proximate result of defendants Klamo and law firm's negligence, jointly, severally, and in the alternative, the plaintiff suffered damages, including but not limited to, personal injury; pain and suffering and other emotional distress; psychological injuries; injury to reputation; loss of income and assets; interest; and attorney's fees and costs.

WHEREFORE, plaintiff demands judgment against defendant John A. Klamo, Esquire and defendant John A. Klamo, Esq., P.C., jointly, severally and in the alternative, for compensatory damages, interest, attorney's fees and cost of suit, and such other relief as the Court deems equitable and just.

## COUNT TWO
### Breach of Fiduciary Duty

26. Plaintiff repeats the allegations contained in Count One and incorporates same herein as if set forth at length.

27. At all times relevant hereto, Defendants Klamo and law firm owed plaintiff a fiduciary duty based on their special relationship of trust.

28. At all times relevant hereto, Defendants Klamo and law firm, and each of them, jointly severally and in the alternative, breached that duty by the aforesaid stated actions.

WHEREFORE, Plaintiff demands judgment against defendant John A. Klamo, Esquire and defendant John A. Klamo, Esq., P.C., jointly severally and in the alternative, for compensatory damages, interest, attorneys fees and cost of suit and any other such relief the court deems just and equitable.

## COUNT THREE
### Respondeant Superior

29. Plaintiff repeats the allegations contained in Count One and Two and incorporates same herein as if set forth at length.

30. At all times relevant hereto, defendants Klamo and Law Firm, and each of them, jointly, severally and in the alternative, were responsible for the acts of their agents, servants and employees, pursuant to the doctrine of *respondeat superior*.

31. At all times relevant hereto, Defendants Klamo and Law Firm are responsible for the negligence committed by their employees, agents or assigns, which caused and/or contributed to the breach in the duty of care owed to the plaintiff by, *inter alia*, 1) failing to complete the work contracted for; 2) by breaching the duty to give accurate information and advice to plaintiff; 3) by failing to properly advise plaintiff as to her status.

32. As a direct and proximate result of defendants Klamo and law firm's negligence, jointly, severally, and in the alternative, the plaintiff suffered damages,

including but not limited to, personal injury; pain and suffering and other emotional distress; psychological injuries; injury to reputation; loss of income and assets; interest; and attorney's fees and costs.

WHEREFORE, plaintiff demands judgment against defendant John A. Klamo, Esquire and defendant John A. Klamo, Esq., P.C., jointly, severally and in the alternative, for compensatory damages, interest, attorney's fees and cost of suit, and such other relief as the Court deems equitable and just.

### COUNT FOUR
### Punitive Damages

33. Plaintiff repeats the allegations contained in Count One, Two, and Three, and incorporates same herein as if set forth at length.

34. The acts and omissions committed by all defendants, and each of them, were so reckless as to be willful and wanton, and entitle plaintiff to punitive damages.

WHEREFORE, the plaintiff demands judgment against defendants, John A. Klamo, Esquire and defendant John A. Klamo, Esq., P.C and John Does 1-2, jointly, severally, and in the alternative, for punitive and compensatory damages, interest, attorneys fees, costs of suit and any other relief that the court deems equitable and just.

HARTMAN GROUP, LLC
Attorneys for plaintiff

*s/Frances A. Hartman*

Dated: April 16, 2014            BY:_____
Frances A. Hartman